1   Muriel B. Kaplan, Esq. (SBN 124607)
    Michele R. Stafford, Esq. (SBN 172509)
2   Shaamini A. Babu, Esq. (SBN 230704)
    SALTZMAN & JOHNSON LAW CORPORATION
3   44 Montgomery Street, Suite 2110
    San Francisco, CA 94104
4   (415) 882-7900
    (415) 882-9287–Facsimile
5   mkaplan@sjlawcorp.com
    mstafford@sjlawcorp.com
6   sbabu@sjlawcorp.com

7   Attorneys for Plaintiffs

8

9

10                  UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12   GIL CROSTHWAITE, et al., as Trustees of the          Case No.: C08-5506 JSW
     OPERATING ENGINEERS HEALTH AND
13   WELFARE TRUST FUND, et al.,                          **JUDGMENT PURSUANT TO
                                                          STIPULATION**
14            Plaintiffs,

15   v.

16   DWITE C. FORBUSH, INC., and DWITE C.
     FORBUSH,
17
              Defendants.
18

19        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

20   entered in the within action in favor of the Plaintiff TRUSTEES FOR OPERATING ENGINEERS

21   HEALTH AND WELFARE TRUST FUND, et al. (collectively 'Plaintiffs' or 'Trust Funds') and

22   against Defendants DWITE C. FORBUSH, INC., a California Corporation, or successor entities;

23   and DWITE C. FORBUSH, an individual, (collectively 'Defendants'), as follows:

24        1.     Defendants entered into a valid Collective Bargaining Agreement with the

25   Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement").  This Bargaining

26   Agreement has continued in full force and effect to the present time.

27

28                                                                          1
                                                              **JUDGMENT PURSUANT
                                                               TO STIPULATION
                                                               C08-5506JSW**

2.    Defendants have become indebted to the Trust Funds on its accounts numbered 29993 and 29996 as follows:

|  | Account # 29993 | Account # 29996 | Total |
|---|---|---|---|
| Principle Balance (for 5/09) | $2,406.00 | <$63.00> | $2,343.00 |
| Interest (through 5/09; will continue) | $25,782.07 | $26.29 | $25,808.36 |
| Liquidated Damages | $16,650.35 | $1,147.34 | $17,797.69 |
|  |  |  |  |
| Audit (1/1/2004–2/28/2009): |  |  |  |
| Net Contributions and interest |  |  | $3,406.18 |
| Liquidated Damages |  |  | $1,069.89 |
|  |  |  |  |
| Attorney's Fees (through 3/22/09) |  | $1,971.50 |  |
| Attorney's Fees (3/23/09–6/08/09) |  | $3,283.00 | $5,254.50 |
| Costs (through 1/05/09) |  | $658.12 | $658.12 |
|  |  |  |  |
| **TOTAL** |  |  | **$56,337.74** |

3.    Audit fees incurred by performing and revising two audits have been waived, and are not included in the above summary of amounts due.

4.    All liquidated damages shown above, totaling $18,867.58, and 90% of interest accrued on late paid and unpaid principal, are conditionally waived, conditioned on full satisfaction of all other amounts due, including those provided in paragraph 7 herein, requiring timely payment of current contributions. Interest accrued through October 1, 2009 which exceeds the amount of $25,808.36 shown at paragraph 2 above (and 10% of which is included in payments under paragraph 5 below,) shall also be subject to the conditional 90% waiver thereon.

5.    Defendants shall *conditionally* pay the remaining amount of **$14,242.63** plus interest as provided in ¶ 5(e) below, as follows:

(a)    On or before **June 25, 2009,** and by the **25th day of each month** thereafter for a period of four (4) months, through and including September 25, 2009, Defendants shall pay to Plaintiffs the amount of **$2,000.00**.

(b)    Defendants shall have the right to increase the monthly payments at any time.

**JUDGMENT PURSUANT
TO STIPULATION
C08-5506JSW**

(c)     Following Defendants' September 25, 2009 payment, Plaintiffs shall give Defendants written notice of the balance of payment remaining due, and Defendants shall pay that amount in lump sum on or before October 25, 2009.

(d)     Payments shall be made payable to the *Operating Engineers Trust Funds*, and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California   94104, **to be <u>received</u> on *or before* the 25th calendar day of each month**, or to such other address as may be specified by Plaintiffs.

(e)     Interest shall accrue on the unpaid principal balance at the rate of 12% per annum in accordance with Defendants' Collective Bargaining Agreement and Plaintiffs' Trust Agreements. *Upon completion of the conditional payment of $14,242.63 above and all other amounts due herein as noticed by Plaintiffs under paragraph 5(c),* 90% of the interest accrued on the unpaid balance herein shall be waived, together with the amounts provided in paragraph 4 above.

6.     In the event that any check is not timely submitted or submitted by Defendants but fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default.  Default will only be cured by the issuance of a replacement ***cashier's check***, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check.*  In the event default is not cured, all amounts remaining due hereunder, without waivers, shall be due and payable on demand by Plaintiffs.

7.     Beginning with contributions due for hours worked by Defendants' employees during the month of May 2009, due on June 15, 2009 and delinquent if not **received** by the Trust Funds by June 25, 2009, and for every month thereafter until this Judgment is satisfied, Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

3

**JUDGMENT PURSUANT TO STIPULATION C08-5506JSW**

P:\CLIENTS\OE3CL\Dwite C. Forbush, Inc\Pleadings\C08-5506 JSW Judgment Pursuant to Stipulation 061009.DOC

1    the Declarations of Trust as amended.  **Defendants shall fax a copy of their contribution report**

2    **for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-**

3    **9287, prior to sending the payment** t**o the Trust Fund office.**  To the extent that Defendants are

4    working on a Public Works job, or any other job for which **Certified Payroll Reports** are

5    required, copies of said Reports will be faxed to Muriel B. Kaplan concurrently with their

6    submission to the general contractor, owner or other reporting agency.

7           8.      Failure by Defendants to remain current in monthly contributions shall constitute a

8    default of the obligations under this agreement and the provisions of paragraph 13 shall apply.

9    Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per

10   annum interest accrued on the combined total of contributions and liquidated damages, shall be

11   added to and become a part of this Judgment and subject to the terms herein, except that no

12   reduction of interest or waiver of liquidated damages incurred on unpaid or late paid contributions

13   shall apply.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

14   Declarations of Trust of the Trust Funds for collection of current and future contributions, and for

15   any additional past contributions not included herein as may be determined by Plaintiffs, pursuant

16   to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement

17   are in addition thereto.  Defendants specifically waive the defense of the doctrine res judicata as to

18   any such additional amounts determined as due.

19          9.      This Stipulation is limited to the agreement between the parties with respect to the

20   delinquent contributions and other amounts specified herein, owed by Defendants to the Funds.

21   This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendants

22   acknowledge that the Funds expressly reserve their right to pursue withdrawal liability claims, if

23   any, against Defendants as provided by the Collective Bargaining Agreement, Trust Agreements

24   incorporated therein, and the law.

25          10.     Defendants shall make full disclosure of all jobs on which they are working by

26   providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name

27   and address of job, general contractor, certified payroll if a public works job, and time period

28

4
**JUDGMENT PURSUANT
TO STIPULATION
C08-5506JSW**

1  worked or to be worked.  **Defendants shall fax said updated list each month together with the**

2  **contribution report (as required by ¶5 of this Stipulation) to Muriel B. Kaplan at 415-882-**

3  **9287.** Failure to provide this information within seven (7) days of Plaintiffs' request shall constitute

4  a default under the terms of this agreement.

5        11.     Dwite C. Forbush acknowledges that he is the RMO/CEO/President of Dwite C.

6  Forbush, Inc., and acknowledges that all successors in interest to Dwite C. Forbush, Inc., as well

7  as any assigns, affiliated entities and purchasers, shall be contractually bound by the terms of this

8  Stipulation.  All such entities shall specifically consent to the terms herein and to the Court's

9  jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10        12.     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

11  Defendants, in writing, of the amount of the final lump sum payment and any additional amounts

12  claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional

13  attorneys fees and costs incurred in this matter.  Said amount shall be paid on or before October

14  25, 2009.

15        13.     In the event that Defendants fail to make any payment required under paragraph 3

16  above, or fail to remain current in any contributions under paragraph 7 above, then,

17        (a)     The entire amount of **$56,337.74** plus interest, reduced by principal

18  payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15%

19  liquidated damages and 12% per annum interest thereon, shall be immediately due, together with

20  any additional attorneys' fees and costs as referenced herein.

21        (b)     A writ of execution may be obtained against Defendants after notice of

22  default is given as provided in Paragraph 6 above, and Defendants fail to cure said default.

23  Plaintiffs may obtain a writ without any further notice in the amount of the unpaid balance, plus

24  any additional amounts under the terms herein, upon declaration of a duly authorized

25  representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of

26  Defendants, and the balance due and owing as of the date of default.

27

28

5
**JUDGMENT PURSUANT**
**TO STIPULATION**
**C08-5506JSW**

1    (c)    Defendants waive notice of entry of judgment and expressly waive all rights

2  to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of

3  Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the

4  issuance of a writ of execution.

5    (d)    Defendants shall pay all additional costs and attorneys' fees incurred by

6  Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to

7  Plaintiffs under this Stipulation, regardless of Defendants' default status.

8    14.    Any failure on the part of the Plaintiffs to take any action against Defendants as

9  provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

10  a waiver of any subsequent breach by the Defendants of any provisions herein.

11    15.    In the event of the filing of a bankruptcy petition by any of the Defendants, the

12  parties agree that any payments made by Defendants pursuant to the terms of this judgment, shall

13  be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

14  Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section

15  547 or otherwise.  Defendants nevertheless represent that no bankruptcy filing is anticipated.

16    16.    Should any provision of this Stipulation be declared or determined by any court of

17  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

18  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

19  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

20  Stipulation.

21    17.    This Stipulation contains all of the terms agreed by the parties and no other

22  agreements have been made.  Any changes to this Stipulation shall be effective only if made in

23  writing and signed by all parties hereto.

24    18.    This Stipulation may be executed in any number of counterparts and by facsimile,

25  each of which shall be deemed an original and all of which shall constitute the same instrument.

26    19.    The parties agree that the Court shall retain jurisdiction of this matter until this

27  Judgment is satisfied.

28

6

**JUDGMENT PURSUANT
TO STIPULATION
C08-5506JSW**

1    20.    All parties represent and warrant that they have been represented, or had the

2  opportunity to be represented, by counsel of their own choosing in connection with entering this

3  Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation

4  voluntarily.

5

   Dated: June 30, 2009                          **DWITE C. FORBUSH, INC.**

6

7

                                                 By:    _____/s/_____
8                                                       Dwite C. Forbush, RMO/CEO/President

9  Dated: June 30, 2009                          **DWITE C. FORBUSH**

10

11                                               By:    _____/s/_____
                                                        Dwite C. Forbush, Individually
12

   Dated: July 8, 2009                           **OPERATING ENGINEERS LOCAL 3**
13                                                **HEALTH AND WELFARE TRUST FUND**
                                                  **ET. AL.,**
14

15

16                                               By:    _____/s/_____
                                                        Wayne McBride, Collections Manager
17

   Dated: July 8, 2009                           **SALTZMAN & JOHNSON**
18                                                **LAW CORPORATION**

19

20                                               By:    _____/s/_____
                                                        Muriel B. Kaplan
21                                                      Attorneys for Plaintiffs

22

23 **IT IS SO ORDERED**

24 Dated: ___July 17_____, 2009          _____
                                                 UNITED STATES DISTRICT COURT JUDGE
25

26

27

28                                                                              7
                                                                   **JUDGMENT PURSUANT**
                                                                     **TO STIPULATION**
                                                                       **C08-5506JSW**

P:\CLIENTS\OE3CL\Dwite C. Forbush, Inc\Pleadings\C08-5506 JSW Judgment Pursuant to Stipulation 061009.DOC